Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Stacy Monahan Tucker – State Bar No. 218942
 E-mail: stucker@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
DAVID RIBBLE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| DAVID RIBBLE,<br><br>           Plaintiff,<br><br>     vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>           Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; DEMAND FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |

1

COMPLAINT

Plaintiff, David Ribble, herein sets forth the allegations of his Complaint against Defendant Life Insurance Company of North America.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit insured by Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due his under his plan, pre-judgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of AECOM and at the time of his relevant employment, was a resident in the County of Riverside, California.

3. Plaintiff is informed and believes that Defendant Life Insurance Company of North America ("LINA") is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of California and can be found in the Central District of California.

4. Plaintiff is informed and believes that the AECOM Employee Benefit Plan ("Plan") is an employee welfare benefit plan regulated by ERISA, established by AECOM under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms

and conditions of the Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Plaintiff is informed and believes that LINA is the insurer of benefits under the Plan, funded through Policy Number FLK980193 ("Policy") and acted in the capacity of the Plan insurer and Plan claims administrator.

6. Plaintiff is informed and believes that Policy Number FLK980193 was issued with the intent to provide coverage to residents of the State of California.

7. Plaintiff is informed and believes that the Policy was in effect after January 1, 2012. The Policy had a contract year from January 1, 2016 to December 31, 2016.

8. The Policy was renewed after January 1, 2012.

9. Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11. At all times relevant, Plaintiff was employed by AECOM and was a covered participant under the terms and conditions of the Plan.

12. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff

was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan.

13. Pursuant to the terms of the Plan, Plaintiff made a claim to LINA for LTD benefits under the Plan. LINA assigned Plaintiff Incident number 11301003-01.

14. Plaintiff's last day of work prior to becoming disabled was January 5, 2016. His eligibility for LTD benefits commenced July 3, 2016. Plaintiff was paid benefits from July 3, 2016, through July 2, 2018. As of July 2, 2018, Plaintiff's benefits were improperly terminated.

15. Plaintiff timely appealed the termination of his benefits, but his appeal was denied on December 17, 2019. Plaintiff has fully exhausted his administrative remedies.

16. Defendant LINA breached the Plan and violated ERISA in the following respects:

(a) Failing to pay benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

(d) Failing to investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim properly and adequately.

17. Plaintiff has exhausted all remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

18. As a proximate result of the wrongful conduct of LINA, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of The Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan retroactively from Plaintiff's original date of eligibility to receive benefits, and to continue for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: February 5, 2021 | KANTOR & KANTOR, LLP |
| | By: */s/ Glenn R. Kantor* |
| | Glenn R. Kantor |
| | Attorney for Plaintiff |
| | DAVID RIBBLE |